RECEIVED
11 SEP 21 AM 9: 14
CLERK, U.S. DIST. COURT
ST. PAUL, MN

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

David B. Triemert,
Hospitality Contractors
of Minnesota, LLC,

Case # 11-CV-2351 RHK

Plaintiff(s),

**MOTION TO DISQUALIFY DEFENDANT'S COUNSEL**

v.

Washington County (of Minnesota),
William Hutton,
James Schug,

Defendant(s).

---

Plaintiff Triemert moves this Honorable Court to enter an Order disqualifying Defendant's counsel, Nigel Mendez, Thomas Carlson, and Carlson & Associates, LTD, for misconduct and conflict of interest, for good cause shown, stating in support:

SCANNED
SEP 21 2011
U.S. DISTRICT COURT ST. PAUL

1. This Motion to Disqualify Defendant's Counsel is not nor should it be construed as a reply to Defendant's Motion to Dismiss.

2. Defendant's counsel has failed to notify or inform the Court that Nigel Mendez, Thomas Carlson, and Carlson & Associates, LTD (Defendant's Counsel), have been served with a Notice of Pending Litigation by Plaintiff Triemert on or around June 1st, 2011, wherein they are named as defendants in a separate civil/ criminal matter related to this lawsuit to be heard in this Court that will also include all Defendants in this case, as referenced in Plaintiff's Complaint; page 16, second paragraph. A true and correct copy of said Notice of Pending Litigation and proof of service is attached. (Exhibit A)

3. If Defendant's counsel is allowed to continue representing defendant's and Defendant's Motion to Dismiss is granted, Triemert will be forced to amend his Complaint in this case wherein his legal rights and a fair trial could be prejudiced in this case and thereby prejudicing him in said subsequent case to be filed with him then having to join other persons in this case, namely Mr. Mendez, Thomas Carlson, Carlson and Associates. The joining of Defendant's counsel would most certainly cause a conflict of interest and an unnecessary burden for Triemert.

4. On or about July 7th, 2011, Triemert filed sworn criminal complaints in matters related to this case with the Washington County Grand Jury against Defendant William Hutton, and other Washington County elected officials/ employees including Washington County Attorney, Peter Orput, Assistant Attorney, Richard Hodsdon, Washington County Chief Deputy Sheriff,

Daniel Starry, and Washington County Assistant Chief Judge, John C. Hoffman. True and correct copies of Triemert's letter to the Foreman of the Grand Jury and said criminal complaints are attached. (Exhibit B)

5. It was Triemert's intention to file additional criminal complaints with said grand jury against other individuals including Defendant's counsel, Nigel Mendez, and Thomas Carlson thereafter and before Triemert having learned recently that his package of criminal complaints sent Certified/ Restricted U.S. Mail to the Foreman of the grand jury were tampered with and obstructed from reaching the grand jury by persons yet unknown to Triemert working in the Washington County Attorney's Office, a practice Triemert has most recently learned is an ongoing deliberate and methodical process set into place by the Judiciary in Minnesota to keep the People from bringing evidence of public misconduct/ corruption directly before the grand jury, (Exhibit C).

6. Triemert still intends to file a criminal complaint against each of Defendants counsel, Nigel Mendez, and Thomas Carlson, with the Washington County grand jury at his next available opportunity wherein they will be delivered through a more reliable means so as to avoid any tampering or obstruction.

7. Defendant's counsel having been representing Defendants Washington County and William Hutton since day-one in this matter regarding Triemert's tort claim are believed by Triemert to be acting in concert and collusion with their clients in an obstruction of justice and an ongoing conspiracy to deprive Triemert of his property and civil rights while shielding those previously named from criminal prosecution and all the

while protecting Washington County from liability, with Nigel Mendez, Thomas Carlson, and Carlson & Associates profiting from the aforementioned obstruction and conspiracy at every turn.

8. Mr. Mendez's recently filed Motion to Dismiss, in this case wherein he makes the mysterious "claim" that plaintiffs in general sometimes "fail to state" under Federal Rule of Civil Procedure 12(b)(6), and thereby his claiming that Triemert failed to state a claim upon which relief can be granted; Mr. Mendez makes this frivolous pleading to the Court with the full knowledge that in addition to Plaintiffs properly stating his claims in this case Plaintiffs "stated a claim upon which relief can be granted" months ago when Plaintiffs sent Defendant Washington County, a Notice of Tort and Demand, before the filing of this case on or around April 14th, 2011, wherein Plaintiffs notified Washington County that they have been damaged by the actions/ inactions of Mr. Hutton, and the County, in excess of $238,000.00 and that Washington County could make Plaintiffs whole again by reinstating their Mechanic's Lien to its full force and legal effect, or by paying Plaintiffs for it damages, interest, and costs. A true and correct copy of said Notice of Tort and Demand is attached. (Exhibit D)

9. Acting as counsel for Washington County in the said Tort matter, Mr. Mendez violated the Minnesota Standards of Professional Conduct when he made several frivolous claims in his letter to Triemert, all the while skewing Minnesota State Statute and omitting key elements of said statute in his defense of Washington County. (Exhibit E).

10. Defendant's counsel has demonstrated in the most recent past and again now in their filing of the frivolous pleading to the Court to dismiss this case that they may be willing at all cost to violate the Standards of Professional Conduct and the Rules of this Court in order to win favor and reward from Defendants.

11. The acts of Defendant's counsel raise a substantial question as to counsels' honesty, trustworthiness, or fitness as law professionals to practice law in this or any other Court.

12. Triemert has good reason to believe and does believe that he cannot be provided a fair and unbiased trial in his case for so long as Mr. Mendez, Mr. Carlson, and Carlson & Associates, LTD are allowed to represent Defendants and to continue their unethical practice of law against Triemert that includes the filing of frivolous pleadings, violation of Court Rules/ Minnesota Rules of Professional Conduct, the dishonest reciting of state statute, omitting critical and material information from the Court, and continuing to represent Defendants while an obvious conflict exists.

13. Triemert further believes that he will be prejudiced in this action should the need arise to call Defendant's counsel as a witness in this case while they are acting in the role of counsel in this case for Defendants.

14. The issues Triemert raises herein of misconduct and conflict of interest are material to this case, and may be just cause for appeal if ignored by the Court.

15. Triemert must raise the issue that he believes Defendant James Schug is directing Washington County to use tax payer money to pay his and William Hutton's legal expenses even though they are being sued in their personal capacities, with the main benefactor being Carlson & Associates, LTD. As a longtime resident of Washington County, Triemert must then question the integrity and ethical boundaries of the attorney/ client relationship shared by Defendants and their counsel, and if in fact Triemert is actually subsidizing the legal fees of Defendants William Hutton and James Schug.

WHEREFORE Plaintiffs for good cause shown move the Court to disqualify Mr. Mendez, Thomas Carlson, and Carlson & Associates from representing defendants in this case and barring them from representing Defendants in any other proceeding in this Court wherein Plaintiffs are a party; award Plaintiffs costs and disbursements against Defendant's counsel, and against Defendants for hiring said counsel while knowing fully and completely the conflict of interest that their action would create for Plaintiff Triemert; discipline said attorneys and law firm in accordance with LR 83.6 Attorney Discipline (d) (1) (2), (e) (1) (2) (3) (4); and provide any other relief deemed just and equitable by the Court.

Respectfully submitted,

David B. Triemert (as individual and owner of Hospitality Contractors of Minnesota, LLC)
2965 Lake Elmo Avenue, North
Lake Elmo, MN 55042
Phone: (651) 248-7725

By _____
David B. Triemert