UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

David B. Triemert and Hospitality Contractors
of Minnesota, LLC,

                        Plaintiffs,

                                                        Civ. No. 11-2351 (RHK/FLN)
                                                        **ORDER**

v.

Washington County, William Hutton, and
James Schug,

                        Defendants.

---

      This matter is before the Court *sua sponte*.

      This action arises out of the foreclosure of a mortgage encumbering certain real property in Washington County, Minnesota, and the subsequent sale of that property at a sheriff's auction. Plaintiff David Triemert and a company owned by him, Plaintiff Hospitality Contractors of Minnesota, LLC ("Hospitality Contractors"), allege that the sheriff's sale unlawfully voided a mechanic's lien they held on the property. They assert claims for negligence and violation of their Fifth Amendment rights and seek damages totaling more than $1 million. Triemert is proceeding *pro se* and, in addition, purports to act on behalf of Hospitality Contractors.

      Through counsel, Defendants – (i) Washington County, (ii) its sheriff (William Hutton), and (iii) the County administrator (James Schug) – have moved to dismiss, noticing their Motion for a hearing before the undersigned on October 27, 2011. In

response, Plaintiffs have filed a Motion to Disqualify Defendants' counsel.  That Motion also was noticed for a hearing before the undersigned on October 27, 2011.  Because this is a non-dispositive motion, however, it should have been brought before Magistrate Judge Noel.  See D. Minn. LR 7.1(a) ("Unless otherwise ordered by the District Judge or Magistrate Judge, all nondispositive motions . . . shall be heard by the Magistrate Judge to whom the matter is assigned."); see also 28 U.S.C. § 636(b).[1]  Furthermore, as Defendants have correctly noted in their Motion to Dismiss, Triemert has purported to prosecute this action on Hospitality Contractors' behalf, but he may not do so.  See 28 U.S.C. § 1654; Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) (noting that "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel," and this rule "applies equally to all artificial entities"); Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007) (*per curiam*) ("[A] limited liability company . . . may appear in federal court only through a licensed attorney.").[2]

---

[1] Plaintiffs have filed a document styled as a "Notice of Standing Objection to Non[-]Judicial Decision Making on the Parts of Magistrates and Clerks" (Doc. No. 6), in which they object to "any part of this case being referred to a federal magistrate."  (Id. ¶ 1.)  This "objection" is meritless.  With limited exceptions not relevant here, 28 U.S.C. § 636(b)(1)(A) empowers a district judge to refer any non-dispositive pretrial matter to a Magistrate Judge, subject to review for clear error.  Under this statute, "*consent of the parties is not required*."  Reiter v. Honeywell, Inc., 104 F.3d 1071, 1073 (8th Cir. 1997) (emphasis added).

[2] On September 21, 2011, Plaintiffs filed a document indicating that Triemert, as Hospitality Contractors' sole member, is authorized to speak and act on its behalf.  (See Doc. No. 17.)  While that may be true, it is wholly irrelevant to whether Triemert may represent Hospitality Contractors *at the bar in federal court*.  See, e.g., Topside, Inc. v. Topside Roofing & Siding Constr. Inc., Civ. No. 01-0038, 2001 WL 420159, at *2 (D. Minn. Apr. 23, 2001) (Montgomery, J.) ("A corporation cannot be represented in legal matters by an unlicensed attorney.  This rule applies regardless of whether the individual is the corporation's sole owner or shareholder.") (citations omitted).

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** as follows:

1. Pursuant to 28 U.S.C. § 636 and Local Rule 72.1, Plaintiffs' Motion to Disqualify (Doc. No. 12) is **REFERRED** to Magistrate Judge Franklin L. Noel for appropriate disposition. The hearing on the Motion, currently noticed for October 27, 2011, before the undersigned, is **CANCELED**. If Magistrate Judge Noel desires a hearing on the Motion, the parties will be so notified;

2. Within 20 days of the date of this Order, an attorney licensed to practice before this Court **SHALL** file a Notice of Appearance on behalf of Plaintiff Hospitality Contractors. **Failure to comply with this Order *will* result in the dismissal without prejudice of all claims brought by Hospitality Contractors**; and

3. The hearing on Defendants' Motion to Dismiss, currently scheduled for October 27, 2011, before the undersigned, is **CONTINUED** *sine die* (without date). However, the parties should continue briefing the Motion to Dismiss as if the hearing remained scheduled for October 27, 2011. For the sake of clarity, this means that Plaintiffs' response to the Motion must be served and filed on or before October 6, 2011, and Defendants' reply in support of the Motion must be served and filed on or before October 13, 2011. After the Motion to Dismiss has been fully briefed and Judge Noel has resolved the Motion to Disqualify, the parties will be notified if the Court desires a hearing on the Motion to Dismiss.

Dated: September 22, 2011     s/Richard H. Kyle
                              RICHARD H. KYLE
                              United States District Judge