**Letter to Judge Richard H. Kyle**

RECEIVED

United States District Court for the District of Minnesota, **Case Number CV-11-2351 RHK**

SEP 27 PM 4:06

Plaintiffs: David Triemert (and as owner of Hospitality Contractors of Minnesota, LLC)

CLERK, U.S. DIST. COURT
ST. PAUL, MN

Defendants: Washington County, William Hutton, James Schug.

All parties including Nigel Mendez (Defendants' counsel) notified by U.S. mail

**Re: Request for Permission of the Court to File Motion to Reconsider**

September 26, 2011

Greetings, Judge Kyle

In response to your recent Order, (1) referring my Motion to Disqualify, to Magistrate Noel, and canceling said hearing, and (2), requiring an attorney to appear for my company, I believe that several compelling circumstances exist for the Court to allow me to file a Motion to Reconsider:

**28 U.S.C. 636 c 2.** *"A judge may designate a magistrate judge to serve as a special master pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States District Courts. A judge may designate a magistrate judge to serve as a special master in any civil case, upon consent of the parties..."* The key words I'd like to point out are "upon consent of the parties". This part of the Code is peppered with words requiring "consent of the parties." Forcing me to allow a magistrate to hear any part of my case then, is not consensual if I don't consent. This is a position I've made clear to the Court, being Magistrates are not "Judges." I'm entitled to and consent only to a Judge, hearing my case.

**Bias, Prejudice, Favoritism, Unfairness, in regard to requiring Hospitality Contractors to appear in the Court through a licensed attorney.** Defendants' counsel filed a motion to dismiss, with opposition to me representing my company. Defendants' motion was filed on August 24th, 2011. Nearly 30 days passed without the Court giving notice of any problem with me representing my company until, (a) I filed a Standing Objection to NonJudicial Decision Making on Parts of Magistrates and Clerks, (September 12th, 2011), and (b) I filed a Motion to Disqualify Defendants' counsel (September 21st, 2011), of which included as exhibits criminal complaints against 5 Washington County Elected Officials/ Public Officers, of which ended up being obstructed from reaching the grand jury by Washington County Employees.

After filing my objection to magistrates, on September 12th, I proceeded to courtroom 6-B to sit in on a motion hearing I'd found on the court calendar. For almost 2-1/2 hours I witnessed a man (without an attorney) representing himself and his company (*Don Mashak, First National Repossessors, Inc v. State of Minnesota, et al, 11 CV 473 JRT/JSM*) in a civil rights case he has against two separate attorneys and the State of Minnesota. Not once did I hear from either defense attorney or the Assistant Attorney General appearing for the State of Minnesota, make any objection whatsoever to this man appearing on

SCANNED
SEP 28 2011
U.S. DISTRICT COURT ST. PAUL

behalf of his company without an attorney. Perhaps it's the position of the Court that this was an exception to the rule, I argue that the exception is the rule. Court records indicate that he's been representing his company pro se since February 2011 and he has filed or caused to be filed by others, over 140 document entries into the court record or docket. Interestingly enough, during the course of this hearing I learned that the plaintiff had spent 6 years and over $20,000 on attorneys in hope of one day realizing some justice. Now he was in court suing two of his previous attorneys. Must I first spend a fortune on legal fees and then sue a few attorneys before I'm given the same treatment as Mashak?

In your Order, a case is cited where it was stated that *"it has been the law for the better part of two centuries... that a corporation may appear in federal courts only through licensed counsel."* I challenge the applicability of that law today reminding the Court that Two hundred years ago the privilege of incorporation was granted selectively to enable activities that benefited the public, such as construction of roads or other infrastructure. Because of widespread public opposition, early legislators granted very few corporate charters, and only after debate! Following the American Revolution, our country's founders retained a healthy fear of corporate power and wisely limited corporations after freeing themselves from the control of English corporations that extracted their wealth and dominated trade; a striking similarity to the Bar Association presently. Today, there are millions upon millions of corporations and LLC's in the U.S. – perhaps one on every block in America. Unfortunately, thousands (if not tens of thousands) of people with business interests and the right to sue are locked out of the courts, (that We The People supposedly own) unless they have the money and the willingness/ desperation to pay into the monopoly that largely controls our legal system. Naturally, a valid distrust will arise in any reasonable person when they wake up and realize that many of the laws in place today including the one you cited were written by lawyers, for the sole benefit of lawyers. And with that said, what do you suppose the countless number of men and women who gave their lives in the battlefield so that I could stand in court and demand justice would have to say about any law on the books that prevented me from representing and vigorously fighting for the only interest I have that puts food on the table for my children?  Equality before the law is paramount and mandatory! I'm competent to administer my own affairs, and I do not consent to being barred from representing my personal or personal business interests. To deny my personally held company access to the Court through me is to deny me access to the Court.

Having little control over how the Court will respond to this matter, I rest in the knowing that the Universe has a perfect accounting system and no deed good or bad ever goes unnoticed. We either get it right in this life, or the next, but either way, justice will be realized by the parties to whom it's due. I thank you for your time and consideration and trust that you'll do the right thing that would allow me to represent Hospitality Contractors in this case, and to honor my right and objection to any part of my case being heard by a magistrate judge.

*David Triemert* (signature)

By David B. Triemert, 2965 Lake Elmo Avenue North, Lake Elmo, MN 55042    651 248-7725