UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

David B. Triemert and Hospitality Contractors
of Minnesota, LLC,

                              Plaintiffs,

                                                          Civ. No. 11-2351 (RHK/FLN)
                                                          **ORDER**

v.

Washington County, William Hutton, and
James Schug,

                              Defendants.

---

       This matter is before the Court on Plaintiffs' request (Doc. No. 22) to file a Motion for Reconsideration of the Court's September 22, 2011 Order (Doc. No. 20), in which the Court (1) referred Plaintiffs' Motion to Disqualify to Magistrate Judge Noel and (2) ordered Plaintiff Hospitality Contractors of Minnesota, LLC ("Hospitality Contactors") to obtain counsel to represent it in this matter within 20 days, lest its claims be dismissed without prejudice.   In their request, Plaintiffs assert that the Motion to Disqualify cannot be referred without their consent and that Hospitality Contractors should be permitted to appear without counsel in this case.

       Both of Plaintiffs' assertions lack merit.   First, Plaintiffs' consent is not required to refer the Motion to Disqualify to the Magistrate Judge.   Plaintiffs invoke 28 U.S.C. § 636(b)(2)[1] to argue that they must consent, but that statute concerns a Magistrate Judge's

---

[1] The request erroneously cites 28 U.S.C. § 636(**c**)(2), but it is clear from the quoted language that Plaintiffs are referring to 28 U.S.C. § 636(**b**)(2).

service as a *special master*. The Court has not appointed Magistrate Judge Noel to serve as a special master in this case under Federal Rule of Civil Procedure 53. Rather, it has referred a non-dispositive pre-trial Motion to him, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72.

As for Hospitality Contactors' request to appear without counsel, the Court previously noted that it has long been established that corporations and other artificial entities "may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993). Plaintiffs claim that this rule is inequitable and unfair, but even if that were true, this Court has no power to ignore a command from the United States Supreme Court. Plaintiffs point to a recent case pending before Judge John R. Tunheim of this Court, Mashak v. State of Minnesota, Civ. No. 11-473, in which a corporate plaintiff purportedly appeared without counsel. A review of the docket in that action, however, clearly indicates that Judge Tunheim dismissed the claims of the corporation after it failed to obtain counsel. (See Doc. No. 69, Civ. No. 11-473 ("IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave of First National Repossessors, Inc. to Proceed Without an Attorney is DENIED. First National Repossessors, Inc. is DISMISSED from the case.").)

At bottom, Plaintiffs' request is meritless and is, accordingly, **DENIED**.

Dated: September 29, 2011       s/Richard H. Kyle
                                RICHARD H. KYLE
                                United States District Judge