RECEIVED
OCT 05 2011
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

David B. Triemert,
Hospitality Contractors
of Minnesota, LLC,

        Plaintiff(s),

v.

Washington County (of Minnesota),
William Hutton, James Schug,

        Defendant(s).

Case # 11-CV-2351 RHK

**REPLY IN OPPOSITION
TO DEFENDANTS
AMENDED MOTION
TO DISMISS**

In opposition to Defendants' Amended Motion to Dismiss, Plaintiff Triemert provides the following facts and makes the following arguments and states:

SCANNED
OCT 0 5 2011
U.S. DISTRICT COURT ST. PAUL
JGK

1

1. Triemert has filed a Motion to Disqualify Defendants' counsel for misconduct and conflict of interest, of which would deny Triemert the right to receive a fair and unbiased trial in this matter if it were allowed to go unchallenged and without proper adjudication in a coordinated, timely manner ahead of Defendants' motion to dismiss.

2. In the interest of justice, Plaintiffs motion must be ruled on before any time or consideration be given to defendant's motion to dismiss.

3. Defendants' counsel asks the Court to dismiss all of plaintiff's claims based upon "four reasons" as stated in their motion to dismiss, all of which are without merit and lack any substantial reason for the Court to grant said motion. It would be improper for the Court to dismiss Triemert's claims for any of the reasons that defendant's counsel has argued.

4. Defendants' counsel argues in its Introduction to their Memorandum that Plaintiffs failed to redeem from the foreclosure sale and now bring this action to have their lien reinstated. Plaintiffs counter this argument stating that the foreclosure sale was unlawful from the very beginning and any argument leading to or regarding redemption is immaterial.

5. Counsel then argues in the following paragraph that Plaintiffs plead no procedural or statutory violation of the foreclosure itself.

6. Plaintiffs respond stating that they have gone to great length in their Complaint pointing out both procedural and statutory violations of the underling laws of any foreclosure process: (1) *"Defendant failed to record bond or cause to have said bond recorded with the county recorder – Minn. Statute 387.01, QUALIFICATIONS; BOND; OATH. Before entering upon duties every sheriff shall give bond to the state... which bond, with oath of office, shall be recorded with the county recorder."* (2) *"Defendant failed or neglected to make certain that the required bond was recorded with the county recorder, constituting a refusal to serve the elected office of Washington County Sheriff – Minn. Statute 387.02, FAILURE TO QUALIFY. If any person elected to the office of sheriff fails to give the bond and take the oath prescribed by law on or before January tenth next succeeding election, it shall be deemed a refusal to serve"* (note that the act of the bond recording is "prescribed by law" in Minn. Stat.387.01), (3) *The signing of the Sheriff's Certificate of Sale [a false instrument] certifying that the sale was in all respects openly, honestly, fairly and lawfully conducted*

*when in fact it was not honestly, fairly, and lawfully conducted, , and causing it to be filed with the County Recorder.*

7. In the same paragraph as noted above, Defendants' counsel argues that "<u>Had</u> the Sheriff followed all procedures that Plaintiffs allege are required, the sale would have still occurred, and Plaintiffs' interest in the property would still have been extinguished."

8. Plaintiff responds stating that Mr. Hutton was not the legal and lawful Sheriff of Washington County at the time and that the sale should have never occurred as Hutton was without the legal authority to seize or extinguish Plaintiffs property rights.

9. <u>Had</u> Mr. Hutton actually met all of the requirements to lawfully hold the Office of Sheriff, this case would have never come before the Courts. Being Mr. Hutton failed to meet the statutory requirements of holding the Office of Sheriff, this case has been brought in good faith and remains before the Court.

10. Defendants' counsel is projecting what would have happened in a given scenario, verses what actually happened. Defendants' counsel is unable to

provide defendants with a viable defense in this matter. Therefore Counsel is attempting to insert a presupposition in place of cold, hard facts backed by competent evidence. This is an outright attempt to muddy Plaintiff's claims.

11. In the sentence that immediately follows, Defendants' counsel states, *"No action was taken, or omitted, by any of the Defendants that caused harm to the Plaintiffs in any way."* Plaintiffs reassert that it was Defendant's actions/ inactions that directly caused Plaintiffs damages by not meeting the requirements of the Office of Sheriff.

12. In the following sentence Defendants' counsel states *"At all relevant times, Washington County had a performance bond that covered the elected officials of Washington County. See Exhibit H to the Complaint."* What performance bond is Defendants' counsel referring to that was supposed to have been in place to cover Hutton during the subject foreclosure sale – the 2009 bond that was not recorded with the county recorder as is required by law and therefore prevented him from having the authority to hold said sale, or the 2011 bond that was recorded according to law long after the unlawful sale took place?

13. Defendant's Counsel in their Standard of Review, on page 3, provide 4 case law citing's coming from the 8th Circuit and Supreme Court. Collectively, this grouping of citing's made by counsel provide for a powerful argument that should control the trial or district court for defendants'. Unfortunately for counsel, the first two citings (Patterson v. Von Rieson, and Haines v. Kerner) are clearly in favor of Plaintiffs (and Triemert recognizes this strategy of reaching agreement with your opponent before taking his feet out from under him); the third citing, Kaylor v. Fields, compliments in its own way, Plaintiffs' Complaint with being a well-pleaded complaint were it states *"But a well pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts."* Triemert argues that his "well-pleaded" complaint is supported by specific facts that counsel does not want to acknowledge. The fourth citing provided by counsel, Westcott *v. City of Omaha*, it is stated that: In treating the factual allegations of a Complaint as true, the Court *"do[es] not, however, blindly accept the legal conclusions drawn by the pleader from the facts."* Triemert prays that the Court not "blindly" accept any legal conclusions drawn by any party to this case, including Defendants' counsel.

**REPLY TO ARGUMENT I:**

6

## *PLAINTIFF TRIEMERT LACKS STANDING*

14. Triemert's standing in this case comes from him having a personal stake in the outcome of this matter, of which the Court's intervention in the interest of justice would have a tangible benefit to Triemert being made whole again.

15. Triemert is the founder, sole member, and owner of Hospitality Contractors of Minnesota, LLC. Triemert has had a standing agreement with the company to speak and act on its behalf in all financial and legal matters. On September 22, 2011, Plaintiff Hospitality Contractors of Minnesota, LLC, assigned David B. Triemert, its sole member and owner, all of its rights, claims, and causes of action in this matter, to David B. Triemert as an individual.

16. The subject property (raw land at the time) wherein the mechanic's lien and its unlawful foreclosure are in controversy was placed into escrow with a $5000 deposit of Triemert's own money and he signed the purchase agreement under his personal name. At closing, Triemert assigned his rights to the Contract to Afton Care South, LLC, and was given permission at that time by Afton Care South to begin making improvements to the property. Said initial improvements consisted of cutting approximately 3 acres of field grass/ weeds, and clearing the underbrush and dead trees of approximately 3

acres of heavily wooded forest, installing a culvert and an access road to the property. Prior to purchasing the land, Triemert had been designing and drafting plans for the building, working with township, county, and state personnel, and bankers/ investors for licensing, septic, plan review, financing, etc.

17. Triemert's personal contribution and interest in this project began long before any structure went up, and long after the home received a Certificate of Occupancy.

18. Hospitality Contractors of Minnesota, LLC, was not even formed until sometime after the building permit issued and the foundation was constructed. Triemert's standing also comes from personally providing labor and materials to the property prior to the formation of Hospitality Contractors of Minnesota, LLC, of which he has not been compensated for.

19. Triemert's "standing" in this case also comes from having been personally harmed by the actions/ inactions of Defendants and the deprivation of his due process rights leading up to the foreclosure sale itself.

20. Defendants' counsels' citing of *Sierra Club v. Morton* wherein its shown *"A plaintiff must allege facts showing that "he is himself adversely affected"*, is without merit and lacks any measure of weight in adjudicating this case as the cite comes from a case brought by a membership group against a federal agency under the Administration Procedure Act. Triemert is the owner of Hospitality Contractors and he is not suing the Federal Government, or suing under the APA. This case does not compare or refute the real facts and law at issue in this case.

21. Counsel next cites *Warth v. Seldin*, wherein it's shown the plaintiff *"generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."* Triemert did assert his own legal rights and interests in his Complaint when he stated in paragraph (15), *"Plaintiffs held a recorded Mechanic's Lien against said property, of which was rendered null and void with the completion of said public sale. (Exhibit A )."* The word "plaintiffs" includes Triemert; and Triemert stated his own legal rights and interests again in paragraph (34) of the Complaint, *"Mr. Hutton, acting under color of law, statute, ordinance, regulation, county policy, custom or usage deprived Plaintiff Triemert of his rights protected under the 4th, 5th, and 14th Amendments to the*

*U.S.Constitution when he without legal or lawful authority caused said sale."* And in a number of other paragarph, Triemert is found stating claims based on his own or collective legal rights and interests.

22. Defendants' counsel then argues in the last paragraph of page 3 that *"Plaintiff Triemert alleges that the only damages in this claim stem from the sheriff's sale of the subject property... and that the subject property was not owned by Triemert, and that Triemert did not have a security interest in the property."* Triemert responds stating that his damages did stem directly from the unlawfull sheriff's sale of the subject property, and that Triemert's "property" interest claimed is not the real property, but rather Triemert's property interest in the mechanic's lien filed by Triemert.

23. Plaintiff Triemert has alleged standing sufficient to require this lawsuit to proceed to an answer, discovery and trial. Triemert has made allegations and supported them with documentary evidence in his Complaint, sufficient to survive a motion to dismiss for lack of standing. If the Court disagrees with Triemert's conclusion, it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing.

## REPLY TO ARGUMENT II:

### *PLAINTIFF HOSPITALITY CONTRACTORS OF MINNESOTA, LLC MUST BE REPRESENTED BY COUNSEL*

24. On or around September 21, 2011, Plaintiff Triemert filed with the Court a notice from Plaintiff Hospitality Contractors of its standing agreement with Triemert for Triemert to speak and act on its behalf in regard to all financial and legal matters. As stated in paragraph 15, on September 22, 2011, Plaintiff Hospitality Contractors of Minnesota, LLC, assigned David B. Triemert, its sole member and owner, all of its rights, claims, and causes of action in this matter, to David B. Triemert as an individual.

## REPLY TO ARGUMENT III:

### *PLAINTIFFS HAVE FAILED TO JOIN NECESSARY PARTIES*

25. Defendants' counsel asks the Court to dismiss Plaintiffs case for failing to join an indispensable party under Rule 19 stating, *"A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (B) that person claims an interest relating to the subject property of the action and is so situated that disposing of the action in the persons absence may (i) as a practical matter*

*impair or impede the person's ability to protect the interest..."* Counsel goes on to state that Plaintiffs fail to name as defendants, Afton Care South, LLC, and Eagle Valley Bank N.A., as well as any subsequent purchaser of the subject property, whom of which is New Challenges, Inc.

26. Triemert, having firsthand knowledge, with his mother, Ellen Triemert, being the owner of the now defunct, Afton Care South, LLC, can state that this party has no claim, interest, or desire in being made a party to this case. They volunteered to the foreclosure, and therefore should not be considered a party to this case.

27. Eagle Valley Bank was never held prior to the foreclosure, to provide strict proof that they in fact ever held an interest in the loan at the time of foreclosure with respect to the loan that they arranged, or that they had standing to begin foreclosure. It is Triemert's understanding that Eagle Valley Bank, made the subject loan, then sold all of their rights, title and interest in the loan to another party in order to fund the loan made to Afton Care South, and then having received full payment on the loan at the moment they sold it to the investor, that would bar Eagle Valley Bank from making any future claim for being a damaged party, either at the time of foreclosure, or as a party to this case at present. Triemert did however notify

Eagle Valley Bank only a few months ago that he was going to bring this case against Washington County, Eagle Valley Bank never responded. Unless Eagle Valley Bank can prove that they would had standing in the subject foreclosure, or were acting as an authorized agent for the party who made the loan possible by putting up the money to purchase the loan rights and interests, and that that party can prove up ownership of the security interest, and Eagle Valley Bank then brings this party forward so that Triemert can add them as a defendant if need be, then Triemert should not be required to include Eagle Valley Bank as a party to this case. Triemert will notify Eagle Valley Bank in this matter by letter if the Court directs him to do so. They can make themselves a party to this case if they have a legitimate claim or interest in this case.

28. The new owner of the subject property is New Challenges, Inc. Triemert notified them on two separate occasions within the past few months that he was going to bring this case against Washington County, New Challenges, Inc. did not respond to either notice. Triemert will notify New Challenges of this action if the Court so directs. In addition, New Challenges Inc. should be covered by a title insurance policy in the purchase of the subject property

and therefore would not be adversely affected by any outcome of this action. Triemert should not be required to include New Challenges Inc. in this case.

29. In the event Triemert is required to join any other party that may have an interest in this case, Triemert will likely join Joseph Paiement, and Paiement Law Office, the attorneys who represented Eagle Valley Bank in the subject foreclosure, along with persons working in the County Recorder's Office. If forced to amend his complaint, Triemert may then choose to add additional parties that he has reserved for a related complaint, including Defendants' counsel, along with additional causes of action of which include criminal causes of action.

## REPLY TO ARGUMENT IV:

### *PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED*

30. Defendants' counsel states that Plaintiffs complaint should be dismissed for failure to state a claim for which relief can be granted. The word "Claim" in Counsel's fourth reason to dismiss Plaintiff's Complaint is not clearly defined as to how this word is being used specifically and therefore it should

be subject to "plain meaning", what an ordinary reasonable person would believe a word means in the context where it's found.

31. Plaintiffs remind the Court that a claim, a Tort Claim and Demand, was filed by Triemert several months ago with the Washington County Administrator, upon which relief could have been granted, of which was denied, and has already been made a part of the Court record.

32. Defendant's Washington County, and James Schug, through their counsel, Nigel Mendez/ Carlson & Associates, LTD, responded to Triemert that they would not voluntarily satisfy Plaintiffs claim for damages caused by the unlawful sheriff sale that extinguished Plaintiff's mechanic lien.

33. Plaintiffs Complaint consists of one count of willful negligence, and 3 counts of due process violations; and not "only two claims" as defendants' motion to dismiss asserts.

34. Defendants' counsel claims that defendants did not owe Plaintiffs a special duty.

35. The special duty all three defendants owed Plaintiffs was of the highest sort, not to seize or extinguish Plaintiffs personal property rights without lawful

authority and due process with regard to Plaintiffs constitutionally protected 4th Amendment right to be secure in his papers, and effects against unreasonable seizures; and not to deprive plaintiffs of their property without due process of law, of which would require that the defendants first had the lawful authority to carry out said acts that caused Plaintiffs damages. Defendants' actions, in anyone else's world, would be equivalent to Theft. Having then had a special duty to Plaintiffs, and having breached that duty, Plaintiffs were injured, and the defendants were the cause of Plaintiffs injury – as is alleged in Plaintiffs Complaint.

36. Not only did defendants breach their duty normally due the general public, by failing to protect Plaintiffs from their statutory violations (as Counsel argues their duty is limited to), they also breached their duties due to Plaintiffs under the protections provided by the U.S. Constitution when they violated his 4th, 5th, 14th Amendment rights to the Constitution.

37. Plaintiffs go from being protected under statute along with the general public, to being protected under persons of specific or special class, the moment they are subjected to unlawful seizure of property and deprived of their due process rights.

38. In considering a motion to dismiss under Rule 12(b)(6), the Court must construe the allegations in the complaint in the light most favorable to the plaintiff. Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir.1982). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957) (footnote omitted).

## CONCLUSION

For the foregoing reasons, Triemert request that Defendant's motion to dismiss Plaintiff's Complaint be denied, and that Defendants be required to provide an answer to Triemert's Complaint within a reasonable period of time.

Respectfully submitted,

By *David Triemert*
David B. Triemert

David B. Triemert
2965 Lake Elmo Avenue, North
Lake Elmo, MN 55042
Phone: (651) 248-7725