# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

David B. Triemert and Hospitality Contractors
of Minnesota, LLC,

                              Plaintiffs,

                                                  Civ. No. 11-2351 (RHK/FLN)
                                                  **ORDER**

v.

Washington County, William Hutton, and
James Schug,

                              Defendants.

---

      This matter is before the Court on Plaintiff David Triemert's Objection (Doc. No. 36) to Magistrate Judge Noel's October 18, 2011 Order (Doc. No. 35) denying Plaintiffs' Motion to disqualify defense counsel. Rather than address the merits of the Order, the Objection is based on Triemert's tired contention that the Magistrate Judge lacked authority to act on the Motion, because Triemert has not consented to a Magistrate Judge "mak[ing] judicial determinations in his case."

      This is the third time Triemert has made the same argument, and it is as lacking in merit now as it was previously (when it was twice rejected by the Court). (See Doc. Nos. 20, 25.) At the risk of sounding redundant, the Court reiterates that *no party's consent is required in order for the Court to refer pre-trial matters in this case to the Magistrate Judge*, pursuant to 28 U.S.C. § 636(b). The United States Court of Appeals for the Eighth Circuit (whose decisions are binding on this Court) has repeatedly held, as have other courts, that consent of the parties is not required in order for pre-trial matters to be referred

to a Magistrate Judge.   See, e.g., Reiter v. Honeywell, Inc., 104 F.3d 1071, 1073 (8th Cir. 1997); In re Wickline, 796 F.2d 1055, 1057 (8th Cir. 1986) (noting that § 636(b)(1) "allows a district court to refer to a magistrate *without consent of the parties*:   (1) nondispositive motions . . . or (2) dispositive motions") (emphasis added); see also Holt-Orsted v. City of Dickson, 641 F.3d 230, 234 (6th Cir. 2011) ("[A] § 636(b) referral does not require the consent of the parties."); United States v. Tony, 637 F.3d 1153, 1157 (10th Cir. 2011) (referral to a Magistrate Judge under 28 U.S.C. § 636(b)(1) "does not require the parties' consent"); Anderson v. Woodcreek Venture Ltd., 351 F.3d 911, 917 (9th Cir. 2003); Farmer v. Litscher, 303 F.3d 840, 843 (7th Cir. 2002).[1]

As he did previously (see Doc. No. 22), Triemert erroneously cites 28 U.S.C. § 636(c) to assert that his consent was required before referring the Motion to Disqualify to Judge Noel.   But Section 636(c) does not address referral of pre-trial matters to Magistrate Judges; rather, it concerns the authority of Magistrate Judges to "conduct civil jury and nonjury *trials*."   Reiter, 104 F.3d at 1073 (emphasis added).   The statute has no application here, as this matter has not been referred to Judge Noel for trial.

At bottom, Triemert's argument is wholly devoid of merit.   Accordingly, his Objection (Doc. No. 36) is **OVERRULED** and Magistrate Judge Noel's October 18, 2011 Order (Doc. No. 35) denying Plaintiffs' Motion to Disqualify is **AFFIRMED**.   Moreover, the Court will not countenance Triemert wasting its and Defendants' time by repeatedly asserting this frivolous argument.   It has now been pointed out not once, not twice, but

---

[1] Where, as here, a pre-trial matter is referred to a Magistrate Judge, the parties retain the right to object to the Magistrate Judge's disposition (or recommended disposition) thereof, and such objection will be considered by the assigned District Judge.   28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2).   Triemert obviously is aware of this fact, as evidenced by the instant Objection.

- 3 -

three times that the argument has absolutely no basis in the law.   Accordingly, **<u>Triemert is warned that further assertions of this argument (whether before the undersigned or Magistrate Judge Noel) may result in the imposition of sanctions, including (but not limited to) the imposition of a monetary fine and/or dismissal of this case with prejudice.</u>**


Dated: October 28, 2011              s/Richard H. Kyle
                                     RICHARD H. KYLE
                                     United States District Judge