## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

David B. Triemert and Hospitality Contractors
of Minnesota, LLC,

                            Plaintiffs,

                                                          Civ. No. 11-2351 (RHK/FLN)
                                                          **ORDER**

v.

Washington County, William Hutton, and
James Schug,

                            Defendants.

      This matter is before the Court on Defendants' Amended Motion to Dismiss (Doc. No. 7). For the reasons that follow, the Motion will be granted.

      This action arises out of the foreclosure of a mortgage encumbering certain real property in Washington County, Minnesota, and the subsequent sale of that property at a sheriff's auction. Plaintiff David Triemert and a company owned by him, Plaintiff Hospitality Contractors of Minnesota, LLC ("Hospitality Contractors"), allege that the sheriff's sale unlawfully voided a mechanic's lien they held on the property. They assert claims for negligence and violation of their Fifth Amendment rights, and they seek damages totaling more than $8 million. Triemert proceeds *pro se* and purports to act on behalf of Hospitality Contractors.

      Defendants now move to dismiss. They argue, *inter alia*, that Hospitality Contractors must be represented by licensed counsel in this action and that Triemert lacks

standing to assert any claims regarding the lien because it was held by Hospitality Contactors.   The Court agrees with both arguments.

First, as previously noted, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel," and this rule "applies equally to all artificial entities," such as limited liability companies. (Doc. No. 20 at 2 (quoting Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1994)).)   Accordingly, on September 22, 2011, the Court issued an Order requiring Hospitality Contractors to obtain licensed counsel within twenty days thereof, or face dismissal of its claims.   (Id.)   Despite this admonition, no attorney has entered an appearance on Hospitality Contractors' behalf.   Accordingly, the Court concludes that all claims asserted by Hospitality Contractors must be dismissed.

Second, Triemert lacks standing to assert claims regarding the alleged extinguishment of the lien.   Notably, the lien is attached to the Complaint as an Exhibit, and it clearly and unambiguously states that the "lienholder" is *Hospitality Contactors*, not Triemert.   (Compl. Ex. A.)[1]   A "plaintiff generally must assert his *own* legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975) (emphasis added).   As a separate legal entity, Hospitality Contractors must assert claims regarding the lien on its own behalf, even if a

---

[1] The Complaint alleges that *both* Triemert *and* Hospitality Contractors "held a recorded Mechanic's Lien against" the property (Compl. ¶ 15; see also Mem. in Opp'n at 9), but the lien discloses otherwise.   "It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations."   N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend, 163 F.3d 449, 454 (7th Cir. 1998); see also Brown v. Medtronic, Inc., 628 F.3d 451, 460 (8th Cir. 2010) (court may consider documents attached to complaint "for all purposes" and need not "draw unreasonable inferences from [such] documents").

judgment in this action might collaterally benefit Triemert (as Hospitality Contractors' sole member).   Id.

Triemert responds that "[o]n September 22, . . . Hospitality Contractors . . . assigned . . . all of its rights, claims and causes of action in this matter to" him.   (Mem. in Opp'n at 7.)   But he cannot base standing on this purported assignment, which came *after* the Complaint in this action was filed.   See, e.g., Park v. Forest Serv. of U.S., 205 F.3d 1034, 1037 (8th Cir. 2000) (noting that standing must be assessed as of the date on which plaintiff "filed her complaint for relief").   This is because standing implicates the Court's subject-matter jurisdiction, e.g., Young Am. Corp. v. Affiliates Computer Servs. (ACS), Inc., 424 F.3d 840, 843 (8th Cir. 2005), and the existence of subject-matter jurisdiction depends upon the facts as they existed when the Complaint was filed.   See, e.g., Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989).

The best Triemert can argue is that he has third-party standing to assert Hospitality Contractors' claims.   "Third-party standing is an exception to the general rule that a plaintiff may only assert his own injury in fact and permits a litigant who lacks a legal claim to assert the rights of a third party."   Hodak v. City of St. Peters, 535 F.3d 899, 904 (8th Cir. 2008).   To invoke this "narrow" exception, Triemert must show that he enjoys a "close relation[ship]" to Hospitality Contractors and that Hospitality Contactors is "hindered in [its] ability to protect [its] own interests."   Id.   This he cannot do, because he cannot show a sufficient hindrance here.

The only impediment to Hospitality Contractors asserting its own rights in this case is the requirement that it be represented by licensed counsel.   In the Court's view, this is simply not enough.   "The test for hindrance is the likelihood and ability of the third parties

. . . to assert their own rights.  [A] party must show that some barrier or practical obstacle (e.g., third party is unidentifiable, lacks sufficient interest, or will suffer some sanction) prevents or deters the third party from asserting his or her own interest." Id. (internal quotation marks and citation omitted).  No such obstacle is evident here.  Indeed, given the bevy of attorneys in the Twin Cities area, and the permissibility of retaining attorneys on a contingency basis – that is, with little or no up-front cost – the Court perceives no "practical barrier" to Hospitality Contactors hiring counsel to assert its rights in this case. Id.  Certainly, small companies appear in this Court through licensed counsel on a regular basis, undermining the conclusion that such companies are routinely unable to assert their own rights.  Moreover, permitting the owner of a sole proprietorship or other closely held entity to assert claims on that entity's behalf would make for an easy end run around the requirement that they be represented by counsel in federal court.

For all of these reasons, the Court concludes that Triemert lacks standing to assert his claims in this case, either on his own behalf or on behalf of Hospitality Contactors. And because Hospitality Contractors must be dismissed due to its failure to obtain counsel, no claims remain.  The Complaint, therefore, must be dismissed in its entirety.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendants' Amended Motion to Dismiss (Doc. 7) is **GRANTED** and Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 14, 2011                s/Richard H. Kyle
                                        RICHARD H. KYLE
                                        United States District Judge